IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CRYSTAL GANN**                                                                            **PLAINTIFF**

v.                                         **CASE NO. 3:13CV00071 BSM**

**HOUSEHOLD LIFE**
**INSURANCE COMPANY**                                                       **DEFENDANT**

## ORDER

Defendant Household Life Insurance Company's ("Household") partial motion to dismiss [Doc. No. 14] is granted as to plaintiff Crystal Gann's outrage claim and denied as to her bad faith claim.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.

Household's motion to dismiss Gann's outrage claim is granted. To prove an outrage claim, Gann would have to show that: (1) Household intended to inflict emotional distress or knew or should have known that emotional distress would likely result from its conduct; (2) Household's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community; (3) Household's actions caused Gann's distress; and (4) Gann's emotional distress was so severe that no reasonable person

could be expected to endure it. *Kiersey v. Jeffrey*, 253 S.W. 3d 438, 441 (Ark. 2007). Notwithstanding the fact that there is almost no way that Gann could overcome summary judgment on her outrage claim, she has simply failed to satisfy the Rule 12(b)(6) standard in pleading it. Gann simply recites some of the elements of an outrage claim by alleging that Household's conduct in handling her insurance claim was extreme and outrageous and intended to cause emotional distress. She, however, fails to provide any factual support for these allegations. Further, she has provided no facts at all in support of her claim that she suffered severe emotional distress, or that the actions of Household caused the distress.

Household's motion to dismiss Gann's bad faith claim is denied. Bad faith is when an insurance company "affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Columbia Nat. Ins. Co. v. Freeman*, 64 S.W.3d 720, 723 (Ark. 2002). Bad faith does not arise from merely denying a claim; rather, there must be affirmative misconduct. *Id*. Gann meets the Rule 12(b)(6) burden by asserting that Household engaged in affirmative misconduct by failing to fairly adjust her claim and by providing an insurance policy that was ambiguous and that lacked the agreed-upon exclusionary language. Although Gann may not ultimately prevail on her bad faith claim, her complaint is sufficient to overcome a motion to dismiss.

IT IS SO ORDERED this 25th day of October 2013.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE