IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CRYSTAL GANN                                                                   PLAINTIFF

v.                              CASE NO. 3:13CV00071 BSM

HOUSEHOLD LIFE
INSURANCE COMPANY                                                    DEFENDANT

## ORDER

Plaintiff Crystal Gann's motion for summary judgment [Doc. No. 11] is denied.

Defendant Household Life Insurance Company's motion for partial summary judgment [Doc.

No. 17] is also denied.

I. FACTUAL BACKGROUND

The undisputed facts are as follows.  On February 26, 2010, Alice Griffin completed

an electronic application for an insurance policy with defendant Household Life Insurance

Company ("Household").  On the application, Griffin was required to state whether or not

she was receiving disability benefits.  Although she had been receiving disability benefits

since September of 2004 for mood disorders and muscle, ligament and fascia disorders,

Griffin stated that she was not receiving benefits, and Household issued the policy.

On February 7, 2012, Griffin died of pneumonia and plaintiff Crystal Gann, the named

beneficiary, requested the policy proceeds.  Because Griffin died within the policy's two-year

contestability period, Household initiated a claims investigation.  On October 17, 2012,

Household informed Gann that it was denying coverage because the investigation revealed

that Griffin had been receiving disability benefits.  Household then rescinded the policy and

declared it void.

On March 4, 2013, Gann filed suit, alleging breach of contract, unjust enrichment, bad faith and outrage.  On August 1, 2013, Gann moved for summary judgment on all claims. Household responded and moved for partial summary judgment on the breach of contract and unjust enrichment claims.  On October 25, 2013, Gann's outrage claim was dismissed.  *See* Doc. No. 31.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial.  *Id.*  Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party.  *Holland   v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Gann's motion for summary judgment is denied.  Gann argues that Household must prove that Griffin's misrepresentation was material and that it relied on the misrepresentation before it is entitled to rescind the policy.  Gann asserts that because Griffin received disability benefits for mood and muscle disorders and her cause of death was pneumonia, no causal connection exists between her misrepresentation and her death.  Therefore, Gann argues that the misrepresentation was not material and Household is not entitled to rescind.

As Gann correctly points out, Arkansas law states that in an action to rescind, "a misrepresentation is material if there is a causal relationship between the misrepresentation and the hazard resulting in a loss under the policy or contract."  Ark. Code Ann. § 23-79-107(c).  The problem with Gann's argument, however, is that the statute, as it existed when this contract was entered in 2010, also provided for rescission based on a misrepresentation, omission, concealment or incorrect statement, if the insurer in good faith would not have issued the policy "...if the facts had been made known to the insurer as required by the application for the policy...."  Ark. Code Ann. § 23-79-107(a)(3) (Suppl. 2001).

Here, Household asserts that it would not have in good faith issued the policy if Griffin had disclosed on the application that she was receiving disability benefits.  In support, it offers the testimony of Marlene Geske, an underwriter for Household, who states that Household's underwriting process is automated and that Griffin's disclosure that she was receiving disability benefits would have resulted in automatic denial of her application. As a result, summary judgment is not appropriate and Gann's motion [Doc. No. 11] is

3

denied.

Household's motion for partial summary judgment on Gann's breach of contract and unjust enrichment claims is also denied.  Although it is now undisputed, based on Geske's affidavit, that Household's underwriting processes are automated and that Griffin's application would have been denied if she had not made a misrepresentation on the application, it is also clear that discovery is still ongoing.  Partial summary judgment is not appropriate until Gann has been given an opportunity to obtain documents and depose Household's witnesses to determine whether Geske's affidavit testimony is accurate.  Consequently, Household's motion for partial summary judgment [Doc. No. 17] is denied.

## IV. CONCLUSION

For these reasons, Gann's motion for summary judgment [Doc. No. 11] and Household's motion for partial summary judgment [Doc. No. 17] are denied.

IT IS SO ORDERED this 3rd day of January 2014.


UNITED STATES DISTRICT JUDGE