IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CRYSTAL GANN**                                                                 **PLAINTIFF**

v.                                     No. 3:13-cv-71-DPM

**HOUSEHOLD LIFE INSURANCE**
**COMPANY**                                                                    **DEFENDANT**

ORDER

The remaining question on Household Life's motion, № 95, is whether this Court had discretion under Federal Rule of Civil Procedure 60 to vacate the Order and Judgment in the insurance company's favor. The Court appreciates the parties' supplemental briefing.

The record supports only one conclusion: the Court filed its Order on summary judgment inadvertently, having intended for the parties to participate in the previously scheduled settlement conference before the Court ruled on the pending dispositive motions. № 92. Rule 60(b)(1) or (b)(6) applies. These provisions embody this Court's pre-rule authority to correct the Court's inadvertent mistakes. *CRI, Inc. v. Watson*, 608 F.2d 1137, 1143 (8th Cir. 1979); *Knox v. Lichtenstein*, 654 F.2d 19, 22 (8th Cir. 1981) *decision clarified*

*on denial of reh'g*, 661 F.2d 693 (8th Cir. 1981). That the Court acted *sua sponte* does not undermine its decision to return the parties to the *status quo ante*. *Pierson v. Dormire*, 484 F.3d 486, 491 (8th Cir. 2007), *vacated in immaterial part*, 276 Fed. Appx. 541 (8th Cir. 2008) (*per curiam*); *see generally*, *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755–56 (8th Cir. 1996). Lack of notice to the parties was harmless. It's apparent that Chief Judge Miller wanted to rectify things immediately. The Court's mistake wasn't one of law or fact on the merits. That kind of potential error will always benefit from the parties' views. Here the mistake was the Court's calendar oversight; the Court forgot it's long-standing referral for a settlement conference before a Magistrate Judge. № 79.

Household Life's argument that the Clerk's removal of the Order and Judgment wasn't pursuant to Court's Order doesn't hold up. The docket entries at *№ 90 & 91* and Chief Judge Miller's recusal Order, which was entered the next day, make plain that the Clerk was following the Court's directions. The record forecloses Household Life's no-authority challenge to the Clerk's actions.

\* \* \*

Household Life's effort to hang on to what seemed like a final victory is understandable. But Rule 60(b)'s provisions are broad enough, and flexible enough, to authorize a remedy for judicial inadvertence. Household Life has withdrawn its consent to participate in a settlement conference, which, of course, it had the right to do. *№ 96 at 1*. The Court will therefore turn to the merits of the pending cross motions for summary judgment. The undecided part of *№ 95* is denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 December 2014